# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Earnest O. Wilson,
    Petitioner,

vs.                                    Case No. 1:06cv542
                                            (Beckwith, C.J.; Hogan, M.J.)

Jeffrey Wolfe,
    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Noble Correctional Institution in Caldwell, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court for ruling on respondent's motion to dismiss (Doc. 4), which is opposed by petitioner (Docs. 6, 7).

### Background

In this action, petitioner challenges his May 15, 2002 conviction and sentence in the Lawrence County, Ohio, Court of Common Pleas upon his entry of guilty pleas to two counts of rape contained in a six-count indictment returned against him on December 11, 2001.[1] (*See* Doc. 1, p. 2; Doc. 4, Exs. A-C). Petitioner was sentenced to concurrent eight (8) year terms of imprisonment. (Doc. 4, Ex. D).

---

[1] In exchange for the guilty pleas, the State agreed to the dismissal of two rape counts, a gross sexual imposition count, and a sexual battery count. (*See* Doc. 4, Ex. C, p. 1).

With the assistance of counsel, petitioner filed a timely appeal to the Ohio Court of Appeals, Fourth Appellate District. (*See id.,* Exs. E-F). Petitioner's appellate counsel filed an *Anders* brief, stating that he had "completed an exhaustive review of this case, and ha[d] found no meritorious issues for appeal" despite petitioner's protestations of innocence. (*Id.,* Ex. G, p. 5). Counsel requested that another attorney be appointed to pursue petitioner's appeal, and alternatively, that "additional time be granted within which to file an appellate brief, so that the undersigned counsel may travel to see the defendant/appellant and consult with him about possible grounds for appeal." (*Id.*).

On December 11, 2002, petitioner, who had been served with a copy of his appellate counsel's *Anders* brief, filed a *pro se* brief claiming that he was told that by pleading guilty, he "would receive 6 years with early release" as his sentence and that his jail-time credit would be "3 days for 1;" petitioner further alleged that "nothing [was] stated about mand[a]tory time" and that his appellate counsel "failed to uphold my best interest by not investigating this case properly." (*Id.,* Ex. H). Petitioner requested that a new attorney be appointed to represent him on appeal. (*Id.*).

On January 16, 2003, a new attorney was appointed, who was instructed to file an appellate brief by February 14, 2003. (*See id.,* Exs. J, W). In the meantime, on February 4, 2003, petitioner filed a *pro se* motion to withdraw his guilty plea with the Ohio Court of Appeals in light of "new evidence" in the form of recanting witness statements; the Court of Appeals denied the *pro se* motion on February 13, 2003. (*Id.,* Exs. I-J).

Next, on February 14, 2003, petitioner filed a *pro se* motion to withdraw the appeal, wherein he stated that he had "decided to stay with sentencing for the eight years given;" he did "not wish to proceed in appeal;" and he was not "sure of new evidence" and could not "afford counseling." (*Id.,* Ex. K). On February 19, 2003, petitioner's appellate counsel also filed a motion for leave to voluntarily dismiss the appeal in accordance with his client's instructions. (*Id.,* Ex. L). On February 24, 2003, the Ohio Court of Appeals granted these motions and dismissed petitioner's appeal. (*Id.,* Ex. M).

Petitioner took no further action to challenge his conviction or sentence until over two years later, when he filed a *pro se* petition for post-conviction relief on May 2, 2005 with the Lawrence County Common Pleas Court. (*Id.,* Ex. N). In the petition, petitioner requested the court "to vacate his current eight (8) year prison term . . . and

to then impose the constitutionally and statutorily correct minimum prison term of three (3) years in this his first prison term as required . . . by R.C. 2929.14(B)." (*Id.*). Petitioner claimed that the trial court imposed the eight-year sentence in violation of his constitutional rights as determined by the Supreme Court in *Blakely v. Washington,* 542 U.S. 296 (2004), and *United States v. Booker,* 543 U.S. 220 (2005). (*Id.*). On May 18, 2005, the Lawrence County Common Pleas Court denied petitioner's post-conviction petition without opinion. (*Id.,* Ex. P).

Petitioner timely appealed to the Ohio Court of Appeals, Fourth Appellate District. (*Id.,* Ex. Q). On April 17, 2006, the Court of Appeals dismissed the appeal for lack of jurisdiction because petitioner's petition for post-conviction relief was untimely filed. (*Id.,* Ex. T). Petitioner did not appeal further to the Ohio Supreme Court.

Instead, on May 15, 2006, petitioner filed a petition for writ of habeas corpus with the Ohio Supreme Court, claiming that he should have been sentenced to only a three-year term of imprisonment in light of *Blakely* and *Booker,* as well as most recently, *State v. Foster,* 845 N.E.2d 470 (Ohio 2006). (*Id.,* Ex. U). On July 5, 2006, the Chief Justice of the state supreme court *sua sponte* dismissed the petition without opinion. (*Id.,* Ex. V).

A month later, petitioner commenced the instant federal habeas corpus action. The petition, which was first "received" on August 10, 2006 by the Clerk of Court in the Eastern Division of the Southern District of Ohio,[2] contains petitioner's declaration that the petition was placed in the prison mailing system on August 6, 2006. (Doc. 1, pp. 2, 15). Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); s*ee also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). Therefore, absent evidence to the contrary and in accordance with petitioner's declaration, it appears the petition was delivered to prison authorities for mailing and thus "filed" on August 6, 2006.

---

[2]The petition was stamped as "filed" on August 14, 2006, and three days later was transferred to this Court, located in the Western Division of Ohio's southern federal judicial district, for all further proceedings. (*See* Doc. 2).

3

In the petition, petitioner asserts three grounds for relief.  He claims in Ground One that the sentence was imposed in violation of his constitutional rights under the Sixth Amendment and the Fourteenth Amendment's Due Process and Equal Protection Clauses.  (Doc. 1, p. 6).  In Ground Two, petitioner alleges that he was denied meaningful review when the state supreme court summarily dismissed his habeas corpus petition raising a claim based on that court's February 27, 2006 *Foster* decision "without argument or hearing."  (*Id.,* p. 7).

The claim alleged in Ground Three is difficult to decipher.  However, it appears that petitioner essentially is claiming that prior to *Foster,* Ohio failed to provide relief to prisoners such as himself who were sentenced in violation of the Sixth Amendment; petitioner further appears to contend that the state supreme court in *Foster* violated various constitutional provisions by requiring the re-sentencing of defendants whose appeals were pending at the time *Foster* was decided.  (*Id.,* pp. 9-9a).

In response to the petition, respondent has filed a motion to dismiss the petition on the ground that it is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214.  (Doc. 4).  Petitioner opposes the motion.  (Docs. 6, 7).

## OPINION

### A.  The Claim Alleged In Ground One Of The Petition Challenging Petitioner's Sentence Is Time-Barred

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of:  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases

4

on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, the Court must first determine which limitations provision contained in 28 U.S.C. § 2244(d)(1) applies to petitioner's grounds for relief. Respondent argues that petitioner's claims accrued before petitioner's conviction became "final" by the conclusion of direct review or expiration of time for seeking such review; therefore, it is respondent's position that the statute of limitations set forth in § 2244(d)(1)(A) applies, which began to run when the 45-day period expired for filing an appeal to the Ohio Supreme Court from the Ohio Court of Appeals' February 24, 2003 Entry granting petitioner's motions for voluntary dismissal of the appeal. (Doc. 4, Brief, pp. 5-7). In contrast, petitioner argues that his claims for relief arose much later, after *Foster* was decided on February 27, 2006. (*See* Doc. 6). Essentially, petitioner suggests that his claims are governed by a different provision as set forth in § 2244(d)(1)(C) or (D), which served to delay the date that the statute of limitations commenced running by nearly three years.[3]

Contrary to respondent's contention, it appears that some of petitioner's claims for relief could not have accrued before petitioner's conviction became "final" and, therefore, are not governed by the limitations provision set forth in § 2244(d)(1)(A). Specifically, the claim alleged in Ground Two attacking the Ohio Supreme Court's summary dismissal of petitioner's state habeas petition did not arise until the challenged ruling was issued on July 5, 2006. (*See* Doc. 4, Ex. V). Moreover, as petitioner has argued, to the extent petitioner alleges in Ground Three that *Foster* is unconstitutionally applied to defendants whose appeals were pending at the time *Foster* was decided, such claim could not have arisen before the *Foster* decision came

---

[3]It is noted that neither party has alleged facts even remotely suggesting that the instant petition may be governed by 28 U.S.C. § 2244(d)(1)(B), which is applicable to cases involving an impediment to filing created by state action in violation of the Constitution or laws of the United States Therefore, the undersigned concludes that § 2244(d)(1)(B) does not apply to the case-at-hand.

5

out in February 2006.[4]   Because the factual predicate of these claims could not have been discovered until, respectively, July and February 2006, they are governed by 28 U.S.C. § 2244(d)(1)(D) and are timely.

On the other hand, contrary to petitioner's position, § 2244(d)(1)(D) does not govern petitioner's claim alleged in Ground One challenging the sentence that was imposed on May 15, 2002. At that time, petitioner was aware that he was being sentenced to more than the minimum three year prison term for the rape offenses based on findings made by the trial court at the sentencing hearing. (*See* Doc. 5, April 3, 2002 Tr. 4-5 & May 15, 2002 Tr. 4-5). Therefore, the factual predicate underlying petitioner's claim was discoverable in the exercise of due diligence at the time petitioner was sentenced.

To the extent petitioner contends the claim alleged in Ground One is governed by § 2244(d)(1)(C), it must be established that the legal basis for such claim was "newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review."  Petitioner essentially alleges in Ground One that the non-minimum eight-year sentence imposed for his rape convictions is unconstitutional under *Blakely*, particularly in light of the Ohio Supreme Court's *Foster* decision, wherein certain provisions of Ohio's sentencing statutes were held to be unconstitutional under *Blakely*. (*See* Doc. 1, p. 6).

Petitioner was sentenced in 2002 and his appeal was dismissed in 2003, long before the Supreme Court decided *Blakely* on June 24, 2004, followed by *Booker* on January 12, 2005. It is well-settled in the Sixth Circuit that neither *Blakely* nor *Booker* may be applied retroactively to cases on collateral review, where as here the conviction previously had become final by the conclusion of direct review. *See, e.g., Humphress v. United States,* 398 F.3d 855, 860-63 (6th Cir.), *cert. denied,* 126 S.Ct. 199 (2005); *Spiridigliozzi v. United States,* 117 Fed.Appx. 385, 394 (6th Cir. Nov. 15, 2004) (not published in Federal Reporter); *cf. Allen v. Moore,* 1:05cv731, 2007 WL 651248, at *4 & n.1 (S.D. Ohio Feb. 23, 2007) (Barrett, J.) (unpublished) (noting that *Blakely* applied in case where the petitioner was sentenced pre-*Blakely*, but his direct

---

[4] It further appears that petitioner is alleging in Ground Three that prior to *Foster,* the Ohio courts failed to provide meaningful review of sentences imposed in violation of *Blakely.* It is difficult to determine a limitations provision applicable to such claim, or exactly when the one-year period would have begun to run on such a claim. Therefore, the Court will assume, without deciding that the claim is not time-barred.

6

appeal was still pending on the date *Blakely* was decided).[5]

In addition, petitioner cannot rely upon *Foster* to delay the limitations period under § 2244(d)(1)(C). As respondent points out (*see* Doc. 4, Brief, p. 10 & n.3), *Foster* was not decided by the United States Supreme Court. In any event, in *Foster,* the Ohio Supreme Court expressly stated that its decision extended only to cases still pending on direct review. *Foster,* 845 N.E.2d at 499. Because petitioner's appeal had been dismissed three years earlier, petitioner is unable to prevail on any claim that *Foster* may be applied retroactively to his case.

Accordingly, the Court concludes, as respondent has contended, that the claim alleged in Ground One is governed by the limitations provision set forth in § 2244(d)(1)(A), which provides that the one-year statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review. (*See* Doc. 4, Brief, pp. 5-6). In this case, the statute of limitations commenced running on April 11, 2003, one day after the 45-day period expired in which to file an appeal to the Ohio Supreme Court from the Ohio Court of Appeals' February 24, 2003 Entry dismissing the appeal on petitioner's motions. *See* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). The statute expired one year later on April 11, 2004 unless statutory or equitable tolling principles apply to extend the limitations period.

During this one-year period, petitioner was entitled to the benefits of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2).[6] The tolling provision, however, does not "'revive' the

---

[5]In *Allen, supra,* 2007 WL 651248, at *4 n.1., the court quoted as follows from the Supreme Court's decision in *Beard v. Banks,* 542 U.S. 406, 411 (2004) (in turn quoting *Caspari v. Bohlen,* 510 U.S. 383, 390 (1994)): "State convictions are final 'for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for writ of certiorari has elapsed or a timely petition has been finally denied.'"

[6]*See also Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000); *Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Gendron v. United States,* 154 F.3d 672, 675 & n.3 (7th Cir. 1998) (per curiam), *cert. denied,* 526 U.S. 1113 (1999); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198

limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *see also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Rashid,* 991 F. Supp. at 259; *cf. Cox v. Angelone*, 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

Here, petitioner did nothing to challenge his conviction or sentence in the state courts until over two years after the dismissal of his appeal, when he filed his *pro se* petition for post-conviction relief with the Lawrence County Common Pleas Court on May 2, 2005. (*See* Doc. 4, Ex. N). The post-conviction petition, filed over a year after the statute of limitations had run its course, could not serve to toll the limitations period under § 2244(d)(2). Similarly, petitioner's even later-filed habeas petition to the Ohio Supreme Court (*see id.*, Ex. U) did not serve to toll the statute of limitations, which had long since expired.

The statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). In *Pace v. DiGuglielmo,* 544 U.S. 408 (2005), the Supreme Court stated that a petitioner seeking equitable tolling generally bears the burden of establishing that (1) he has been pursuing his rights diligently; and (2) "some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)).

Before *Pace,* the Sixth Circuit required the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining

---

(table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998).

ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

In this case, petitioner is not entitled to equitable tolling. He has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas petition with this Court or that he is otherwise entitled to equitable tolling under *Dunlap*.

Accordingly, in sum, the Court concludes that the instant petition, deemed "filed" on August 6, 2006, is timely with respect to the claims alleged in Grounds Two and Three that are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(D). However, the claim alleged in Ground One challenging the sentence that was imposed on May 15, 2002 is governed by a different limitations provision set forth in § 2244(d)(1)(A) and is time-barred. Under § 2244(d)(1)(A), the statute of limitations commenced running on April 11, 2003 and expired on April 11, 2004; neither the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) nor equitable tolling principles apply to extend the limitations period in this case.

It is, therefore, **RECOMMENDED** that respondent's motion to dismiss the petition as time-barred (Doc. 4) be **GRANTED** only with respect to the claim alleged in Ground One of the petition challenging the eight-year sentence that was imposed on May 15, 2002.[7]

### B. Petitioner's Remaining Claims Should Be Summarily Dismissed

Although respondent's motion to dismiss focuses solely on the statute of limitations bar to review, under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, the district court has the

---

[7]It is noted that even assuming, *arguendo,* Ground One is subject to review on the merits, petitioner is not entitled to relief based on such claim. As discussed above, *see supra* pp. 6-7 & n.5, petitioner's sentence is not subject to constitutional challenge under *Blakely, Booker* or *Foster*, which were decided long after petitioner's conviction and sentence became final.

9

authority to summarily dismiss a petition on preliminary review "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

In his remaining grounds for relief, petitioner alleges: (1) the Ohio Supreme Court denied him meaningful appellate review when it summarily denied his state habeas petition without hearing argument or holding a hearing (Ground Two); and (2) Ohio failed to provide relief to prisoners sentenced in violation of the Sixth Amendment prior to *Foster,* and post-*Foster,* violated the constitutional rights of defendants whose appeals were pending when *Foster* was decided by requiring them to be re-sentenced (Ground Three). (Doc. 1, pp. 7-9a). Neither of these claims rise to the level of a cognizable ground for federal habeas relief in this case.

First, with respect to the claim alleged in Ground Two, a federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). However, petitioner's claim, which stems from alleged errors committed by the state supreme court in a collateral review habeas proceeding, does not trigger concerns about a possible violation of petitioner's federal constitutional rights.

It is well-settled that an appellant challenging his state criminal conviction is entitled to federal due process protection, including the right to effective assistance of counsel, when the state provides for an appeal as of right or first-tier review by an intermediate court of appeals sitting in its error-correction capacity. *See, e.g., Halbert v. Michigan,* 545 U.S. 605, 616-23 (2005); *Evitts v. Lucey,* 469 U.S. 387, 392-93 (1985). These constitutional protections do not extend beyond the appellant's appeal as of right, however, to subsequent state discretionary appeals or collateral review. *See Coleman v. Thompson,* 501 U.S. 722, 755-57 (1991) (relying on *Ross v. Moffitt,* 417 U.S. 600, 616 (1974), and *Pennsylvania v. Finley,* 481 U.S. 551, 556 (1987)).

In this case, petitioner exercised his right of appeal and then voluntarily dismissed his first appeal as of right. Constitutional protections afforded at that proceeding did not extend further to the subsequent state habeas petition filed by petitioner over three years later on May 15, 2006.

With respect to the claims alleged in Ground Three, petitioner is not entitled to relief to the extent he contends that, as a prisoner sentenced prior to *Foster,* he could not obtain relief in Ohio on his claim that he was sentenced in violation of the Sixth Amendment. As discussed *supra* pp. 6-7 & n.5, p. 9 n.7, petitioner could not have obtained relief on such a claim under the applicable Supreme Court *Blakely /Booker* precedents, because he was sentenced and his direct appeal concluded long before those cases were decided.

It appears that petitioner also contends in Ground Three that the *Foster* decision is unconstitutional to the extent that re-sentencing is required for defendants whose appeals were pending on the date *Foster* was decided. Petitioner did not fall within the class of defendants to whom *Foster* was or could be applied. Therefore, he is not entitled to federal habeas relief based on such a claim.

Accordingly, in sum, the Court concludes that although the claims alleged in Grounds Two and Three of the petition are not time-barred, these remaining claims fail to allege cognizable grounds for federal habeas relief. Because it plainly appears that petitioner is not entitled to relief based on such claims, it is **RECOMMENDED** that Grounds Two and Three be summarily **DISMISSED** with prejudice under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 4) be **GRANTED** to the extent that the claim alleged in Ground One of the petition should be **DISMISSED** with prejudice as time-barred under 28 U.S.C. § 2244(d). Petitioner's remaining non-time-barred claims alleged in Grounds Two and Three of the petition should also be **DISMISSED** with prejudice under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

2. A certificate of appealability should not issue with respect to any Order adopting this Report and Recommendation to dismiss Ground One of the petition with prejudice on procedural statute of limitations grounds, because under the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not "find it debatable whether this Court is correct in its

procedural ruling" or whether the otherwise-barred ground for relief states a "viable claim of the denial of a constitutional right" or is "adequate to deserve encouragement to proceed further." *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983). *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

A certificate of appealability also should not issue with respect to any Order adopting this Report and Recommendation to summarily dismiss petitioner's remaining claims alleged in Grounds Two and Three of the petition with prejudice under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, because petitioner has not made a substantial showing of the denial of a constitutional right in either of these grounds. *See id.*

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would be not taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  7/30/2007             s/Timothy S. Hogan
    cbc                       Timothy S. Hogan
                           United States Magistrate Judge

J:\BRYANCC\2007 habeas orders\06-542grantmtd.sol-blakelyclaim.noncogOhSCt-Fosterclaims.wpd

# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Earnest O. Wilson,
    Petitioner,

                                          Case No. 1:06cv542
      v.                                  (Beckwith, C.J.; Hogan, M.J.)

Jeffrey Wolfe,
    Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within **fifteen (15) days** after the date the Report and Recommendation is stamped as "filed" by the Clerk of Court. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by ( Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Earnest O. Wilson<br>A 427-794<br>Noble Corr. Inst.<br>15708 McConnelsville Road<br>Caldwell, OH 43724 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) | ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 0860 0000 1409 6199 | |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

1: 06cv 542 Doc. 8